# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DRIANA MARTINEZ,

    Plaintiff,

v.                                                  CASE NO. 8:18-cv-2442-T-02CPT

ASKINS & MILLER ORTHOPAEDICS,
ROLAND VANCE ASKINS III, DARYL
MILLER, and CHRIS KLINGENSMITH,

    Defendants.
_____/

## **O R D E R**

This cause comes before the Court on Plaintiff's Motion for Entry of Default Final Judgment against Defendants, Askins & Miller Orthopaedics, and Daryl Miller with affidavits (Dkt. 27). After reviewing the pleadings, affidavits, and the entire file, the Court concludes a default final judgment should be entered as to liability, damages, and attorney's fees and costs.

## **BACKGROUND**

Plaintiff brought this action to recover unpaid wages and for retaliation under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (FLSA) against all four Defendants: Askins & Miller Orthopaedics (AMO), Roland Vance Askins III (Askins), Daryl Miller (Miller), and Chris Klingensmith (Klingensmith). Dkt. 1.

A third count seeks damages from AMO for breach of a contract to pay Plaintiff for work performed at the rate of $16.00 per hour and cites section 448.08 of the Florida Statutes. *Id.* A clerk's default was entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure against Defendants AMO and Miller. Dkt. 26. Plaintiff now seeks a final default judgment against AMO and Miller pursuant to Rule 55(b).

## LEGAL STANDARD

To determine whether the moving party is entitled to a default final judgment under Rule 55, the Court must review the sufficiency of the complaint and its underlying substantive merits. *Chudasma v. Mazda Motor Corp.*, 123 F.3d 1353, 1370, n.41 (11th Cir. 1997). For purposes of liability, a defaulting defendant admits only the plaintiff's well-pleaded allegations of fact. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987); *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] If there is a "sufficient basis in the pleadings," a default judgment should be entered. *Annon Consulting, Inc. v.*

---

[1] "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short . . . a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." *Nishimatsu*, 515 F.2d at 1206. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

*BioNitrogen Holdings Corp.*, 650 F. App'x 729, 733 (11th Cir. 2016) (quoting *Nishimatsu*).

Once the Court has established liability, then it must conduct an inquiry to ascertain the amount and character of damages to be awarded. *Whole Space Indus. Ltd. v. Gulfcoast Int'l Prods., Inc.*, 2009 WL 2151309, at *3 (M.D. Fla. July 13, 2009) (citing *Wallace v. Kiwi Group, Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008)). "[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artist Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (citations omitted); *see also* Fed. R. Civ. P. 55(b)(1) ("If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation [judgment may be entered on an affidavit]."). A hearing may not be necessary if essential evidence is before the Court. *SEC v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005).

## LIABILITY

To prevail on a claim for wages, the plaintiff must show that (1) she was employed by the defendant; (2) she was employed by an enterprise engaged in commerce, and (3) the defendant failed to pay her the minimum wage as required by the FLSA. *Moser v. Action Towing Inc of Tampa*, No. 8:16-cv-420-T-35JSS, 2017 WL 10276702, at *1 (M.D. Fla. Feb. 6, 2017) (citation omitted).

Plaintiff worked as a clinical nurse for AMO beginning in November 2015. Dkt. 1 ¶18; Dkt. 27-2 ¶ 3. AMO regularly services out-of-state patients. Dkt. 27-2 ¶ 4. AMO meets the definition of an enterprise engaged in commerce with yearly sales of $500,000 or more. Dkt. 1 ¶¶ 11-12. *See* 29 U.S.C. §203(s)(1). Miller is also covered by the FLSA. *See Mitchell v. C.W. Vollmer & Co.*, 349 U.S. 427, 429 (1955) (providing that test of whether employee is engaged in commerce is determined by practical considerations).[2] Notably, Miller decided which employees would be paid and which employees would not be paid during any given pay period. *Id.* ¶¶ 8-10, 24. Thus, Plaintiff has established she was employed by a covered enterprise.

With respect to pay, Plaintiff worked at AMO for about 19 months, from November 2015 through May 29, 2017, when she resigned. Dkt. 1 ¶ 28; Dkt. 27-2 ¶ 27. She worked at an agreed hourly rate of $16.00 per hour for forty hours per week. Dkt. 1 ¶28; Dkt. 27-1 ¶ 7. She was not paid for three weeks' work totaling $1,920.00 (120 hours at $16.00 per hour), which resulted from Defendants' willful

---

[2] Miller set policy, pay, employee schedules, and exempt or non-exempt status under the Fair Labor Standards Act (FLSA), as well as hired and fired employees of AMO. Dkt. ¶ 8. Whether an exemption applies is not at issue, however, because the burden rests with the employer seeking an exemption and the employers have defaulted. *See Moser*, 2017 WL 10276702, at *2 (citation omitted).

withholding of wages. Dkt. 1 ¶¶ 25, 29-32; Dkt. 27-2 ¶ 37. Specifically, AMO issued checks that bounced. Dkt. 1 ¶ 23.

Plaintiff's breach of contract claim alleges AMO materially breached the contract by failing to make timely wage payments and by selectively paying some employees and not others. Dkt. 1 ¶¶ 54-55, 62. Plaintiff notified AMO and Miller in May, June, and August of 2017 of AMO's continued failure to pay under the contract. *Id.* ¶¶ 55-57. Miller admitted that AMO engaged in breaches of the contract "by providing verbal and repeated excuses" for the delay in payment. Dkt. 1 ¶ 60.

Based on the pleadings, affidavits, and exhibits, the Court finds a sufficient basis to enter a default judgment as to liability.

## DAMAGES

Plaintiff seeks $1,920.00 for unpaid wages, $1,920.00 in liquidated damages under the FLSA, $105.00 in bounced check fees ($35.00 insufficient funds three times), $2,000.00 for money borrowed to cover her bills while awaiting payment, $3,441.00 in legal fees, and $661.99 in costs. Dkt. 27-2 ¶¶ 37-41 and at 9-32; Dkt. 27-3. The Court finds the damages are a sum certain which are ascertainable by mathematical calculation. The Court further finds that 17.5 hours of attorney and paralegal work with an attorney hourly rate of $300 is reasonable.

It is therefore **ORDERED AND ADJUDGED**:

1) Plaintiff's Motion for Entry of Default Final Judgment against Defendants, Askins & Miller Orthopaedics, and Daryl Miller (Dkt. 27) is granted.

2) The Clerk is directed to enter a final default judgment against Defendants Askins & Miller Orthopaedics and Daryl Miller and in favor of Plaintiff in the amount of $10,047.99, which includes attorney's fees and costs.

**DONE AND ORDERED** at Tampa, Florida, on March 11, 2019.

s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record